## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

KENNETH JOHANSEN, individually and on behalf of a class of all persons and entities similarly situated,

       Plaintiff,

vs.

BLUE RAVEN SOLAR, LLC and RENOVATION REFERRAL LLC and GABRIEL ALAN SOLOMON,

       Defendants.

Case No. 2:20-cv-02930

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff Kenneth Johansen ("Plaintiff" or "Mr. Johansen") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      Blue Raven Solar, LLC commissioned telemarketing calls to Mr. Johansen and other putative class members without their prior express written consent to originate new energy leads for its company.

3.      Mr. Johansen alleges that Renovation Referral LLC, which is owned and operated by Gabriel Alan Solomon, made the telemarketing calls at issue. However, this was done by calling residential numbers listed on the National Do Not Call Registry, like Mr. Johansen's, which is prohibited by the TCPA.

4.      The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes.  Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

5.      A class action is the best means of obtaining redress for the Defendants' wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6.      Plaintiff Kenneth Johansen is an Ohio resident and a resident of this district.

7.      Defendant Blue Raven Solar, LLC ("Blue Raven") is a Utah limited liability company with its principal place of business in Utah.  Blue Raven engages in telemarketing conduct into this district and others throughout the nation in order to market its products and services for installation in residences in those locations.

8.      Defendant Renovation Referral LLC ("Renovation Referral") is a Florida limited liability company with its principal place of business in Florida.  Renovation Referral engages in telemarketing conduct into this district, as it did with the Plaintiff, in order to market its products and services for installation in residences in those locations.

9.      Defendant Gabriel Alan Solomon is the owner and operator of Renovation Referral.

## Jurisdiction & Venue

10.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11.     Defendants regularly engage in business in this district, including authorizing telemarketing calls into this district and soliciting business from this district for the regionalized energy programs.  Renovation Referral and Mr. Solomon make the calls into this district.

12.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, as the telemarketing calls to the Plaintiff occurred in this district.

**The Telephone Consumer Protection Act**

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

14.     The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

15.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Individual Officer Liability under the TCPA

17.    Mr. Solomon is the owner and operator of Renovation Referral and is liable for its conduct.

18.    Under the TCPA, an individual such as Mr. Solomon may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

*See* 47. U.S.C. § 217 (emphasis added).

19.    When considering individual officer liability under the TCPA, other courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA.  *See, e.g.*, *Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

20.    Mr. Solomon personally participated in the actions complained of by (a) selecting some of the phone numbers that would be called; (b) choosing the automated equipment that would be used; and (c) personally authorizing any other conduct of Renovation Referral.

### Blue Raven's Illegal Telemarketing

21.     Defendant Blue Raven is a solar energy provider that targets, among other things, the residential solar market.

22.     Defendant Blue Raven uses telemarketing to promote its products through third parties, such as Renovation Referral.

23.     Recipients of these calls, including Plaintiff, did not consent to receive them and are often on the National Do Not Call Registry.

### The Calls to Mr. Johansen

24.     Plaintiff Johansen is a "person" as defined by 47 U.S.C. § 153(39).

25.     Plaintiff has a residential telephone number of (614) XXX-1037.

26.     The number is not associated with any business.

27.     Between August 6, 2019 and February 12, 2020, Renovation Referral placed at least five telemarketing calls to Mr. Johansen's residential telephone number.

28.     After a number of solicitation calls that Mr. Johansen attempted to ignore, he confirmed that the calls were made to offer Blue Raven services.

29.     On December 21, 2019, Mr. Johansen answered a call and spoke with "Larry."

30.     The Caller ID was a non-working number spoofed to conceal the Defendants' identity.

31.     "Larry" confirmed that Blue Raven was responsible for the series of telemarketing calls Mr. Johansen received on Blue Raven's behalf.

32.     The purpose of all of the calls was to sell Mr. Johansen Blue Raven services.

33.     Plaintiff and the other call recipients were harmed by these calls.  They were temporarily deprived of legitimate use of their phones because the phone line was tied up during

the telemarketing calls, and their privacy was improperly invaded.  Moreover, these calls injured

Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a

nuisance, and disturbed the solitude of Plaintiff and the class.

**Blue Raven's Liability for Renovation Referral's Conduct**

34.     For more than twenty years, the Federal Communication Commission ("FCC")

has explained that its "rules generally establish that the party on whose behalf a solicitation is

made bears ultimate responsibility for any violations."  *In re Rules & Regulations Implementing*

*the TCPA*, 10 FCC Rcd. 12391, 12397, ¶ 13 (1995).

35.     In its January 4, 2008 ruling, the FCC likewise held that a company on whose

behalf a telephone call is made bears the responsibility for any violations.  *In re Rules &*

*Regulations Implementing the TCPA*, 23 FCC Rcd. 559 (2008)  (specifically recognizing "on

behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer

by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

36.     In fact, the FCC has instructed that sellers such as Blue Raven Solar may not

avoid liability by outsourcing telemarketing to third parties, such as Renovation Referral:

> [A]llowing the seller to avoid potential liability by outsourcing its
> telemarketing activities to unsupervised third parties would leave
> consumers in many cases without an effective remedy for
> telemarketing intrusions.  This would particularly be so if the
> telemarketers were judgment proof, unidentifiable, or located
> outside the United States, as is often the case.  Even where third-
> party telemarketers are identifiable, solvent, and amenable to
> judgment limiting liability to the telemarketer that physically
> places the call would make enforcement in many cases
> substantially more expensive and less efficient, since consumers
> (or law enforcement agencies) would be required to sue each
> marketer separately in order to obtain effective relief.  As the FTC
> noted, because "[s]ellers may have thousands of 'independent'
> marketers, suing one or a few of them is unlikely to make a
> substantive difference for consumer privacy."

*In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6588, ¶ 37 (2013) ("May 2013 FCC Ruling") (internal citations omitted).

37.     On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574, ¶ 1.

38.     The May 2013 FCC Ruling held that, even absent evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. *Id*. at 6586, ¶ 34.

39.     The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information.  The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant.  It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts.   Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

*Id.* at 6592, ¶ 46.

40.     Blue Raven is liable for the telemarketing calls that were initiated by Renovation Referral before being transferred to Blue Raven.

41.     Blue Raven hired Renovation Referral to originate new business using telemarketing calls.

42.     Blue Raven accepted the benefits of "Renew Solar Power's" illegal telemarketing by accepting live transfers of leads directly from "Renew Solar Power," despite the fact that those leads were generated through illegal telemarketing.

43.     Blue Raven had absolute control over whether, and under what circumstances, it would accept a customer.

44.     Blue Raven determined the parameters and qualifications for customers to be transferred to a live Blue Raven representative and required Renovation Referral to adhere to those requirements.

45.     Blue Raven knew (or reasonably should have known) that Renovation Referral was violating the TCPA on its behalf and failed to take effective steps within its power to force the telemarketer to cease that conduct.  Any reasonable seller that accepts telemarketing call leads from lead generators would, and indeed must, investigate to ensure that those calls were made in compliance with TCPA rules and regulations.

46.     Blue Raven had previously received complaints about the telemarketing conduct of Renovation Referral prior to Renovation Referral's final contact of Mr. Johansen.

47.     By having Renovation Referral initiate the calls on its behalf to generate new business, Blue Raven "manifest[ed] assent to another person … that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.

48.     Renovation Referral transferred customer information directly to Blue Raven. Thus, the company that Blue Raven hired has the "ability … to enter consumer information into the seller's sales or customer systems," as discussed in the May 2013 FCC Ruling.  *Id.* at 6592, ¶ 46.

49.     Blue Raven approved the Renovation Referral script for determining whether a customer was eligible to be transferred directly to speak with a Blue Raven employee, as discussed in the May 2013 FCC Ruling.

50.     Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships … through discovery, if they are not independently privy to such information." *Id.* at 6592-593, ¶ 46.  Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593, ¶ 46.

## Class Action Statement

51.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

52.     The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class."

53.     Excluded from the Class are counsel, the Defendants and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

54.     The Class as defined above is identifiable through phone records and phone number databases.

55.     The potential members of the Class number at least in the thousands.

56.     Individual joinder of these persons is impracticable.

57.     The Plaintiff is a member of the Class.

58.     There are questions of law and fact common to Plaintiff and to the proposed

Class, including but not limited to the following:

> (a) whether Renovation Referral systematically made multiple telephone calls to members of the National Do Not Call Registry Class;
>
> (b) whether Renovation Referral made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendants' conduct constitutes a violation of the TCPA;
>
> (d) whether Blue Raven is vicariously liable for the conduct of Renovation Referral; and
>
> (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

59.     Plaintiff's claims are typical of the claims of members of the Class.

60.     Plaintiff is an adequate representative of the Class because his interests do not

conflict with the interests of the Class, he will fairly and adequately protect the interests of the

Class, and he is represented by counsel skilled and experienced in class actions, including TCPA

class actions.

61.     Common questions of law and fact predominate over questions affecting only

individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy.  The only individual question concerns identification of class

members, which will be ascertainable from records maintained by Defendants and/or their

agents.

62.     The likelihood that individual members of the Class will prosecute separate

actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

63.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

64.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

65.     The Defendants' violations were negligent, willful, or knowing.

66.     As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

67.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future;

F.      An award to Plaintiff and the Class of damages, as allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: June 5, 2020                                PLAINTIFF,
                                                   By his attorneys

                                                   **/s/ Brian K. Murphy**
                                                   Brian K. Murphy, Trial Attorney (0070654)
                                                   Jonathan P. Misny (0090673)
                                                   Murray Murphy Moul + Basil LLP
                                                   1114 Dublin Road
                                                   Columbus, OH  43215
                                                   (614) 488-0400
                                                   (614) 488-0401 facsimile
                                                   murphy@mmmb.com
                                                   misny@mmmb.com

                                                   Anthony I. Paronich (*pro hac vice* to be filed)
                                                   Paronich Law, P.C.
                                                   350 Lincoln Street, Suite 2400
                                                   Hingham, MA 02043
                                                   (508) 221-1510
                                                   anthony@paronichlaw.com