IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| KENNETH JOHANSEN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br>vs.<br><br>BLUE RAVEN SOLAR, LLC and RENOVATION REFERRAL LLC and GABRIEL ALAN SOLOMON,<br><br>Defendants. | Case No. 2:20-cv-02930<br><br>Judge Algenon L. Marbley<br>Magistrate Judge Elizabeth Preston Deavers |

## MOTION TO SET ASIDE ENTRY OF DEFAULT

Defendants Renovation Referral LLC and Gabriel Alan Solomon ("Renovation Defendants") hereby move the Court, pursuant to Fed. R. Civ. P. 55(c), to Set Aside the Clerk's Entry of Default entered in this proceeding on July 10, 2020, and allow the Renovation Defendants to defend this case. The grounds supporting this motion are stated with particularity in the accompanying Memorandum.

Date: September 4, 2020

Respectfully Submitted,

  /s/ Howard E. Baumwell
Howard E. Baumwell
Attorney for Defendant
Attorney at Law
600 S. Pearl St.
Columbus OH 43206
Phone: 614-221-6088
Fax: 866-995-8098
Email: attorney@baumwell-law.com

1

## MEMORANDUM IN SUPPORT
### Procedural Background:

This class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") was filed on June 5, 2020. Plaintiff alleges Defendant Blue Raven Solar, LLC commissioned telemarketing calls to Plaintiff and other putative class members without their prior express written consent to originate new energy leads for its company. Plaintiff alleges that Renovation Referral LLC ("Renovation") is owed by Gabriel Alan Solomon (Renovation and Solomon collectively the "Renovation Defendants"), and that Renovation made the telemarketing calls at issue.

On June 11, 2020, Plaintiff served the Renovation Defendants with the Complaint, such that their responses to the Complaint was due on July 2, 2020. Seven days later, on July 9, 2020, Plaintiff filed an application to the Clerk for the entry of default against the Renovation Defendants This application was granted by the Clerk on July 10, 2020 (doc. 11.)

### Law and Argument

The applicable law is that "the court may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c). The question of what constitutes "good cause" is left to the trial court's discretion. *Shepard Claims Service, Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986).

Accordingly, "the district court enjoys considerable latitude under the 'good cause shown standard' of Rule 55(c) to grant a defendant relief from a default entry," *Waifersong Ltd., Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992). In ruling on such relief, the court "should . . . construe all ambiguous or disputed facts in the light most favorable to the defendant,"

1

and accordingly, "any doubt should be resolved in favor of the defendant," *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F2d 391, 398 (6th Cir. 1987).

The decision to set aside default is left to the discretion of the trial court, but in making its decision the Court must consider: (1) whether setting the default aside would prejudice plaintiff; (2) whether the default was willful; and (3) whether there is a meritorious defense. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980) (citations omitted)).

The Court must also keep in mind that "[t]rials on the merits are favored in federal courts," and that reversal of an order denying a motion to set aside the "harsh" sanction of default will be reviewed for even slight abuse of discretion. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (quoting *United Coin*, 705 F.2d at 846; citing *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 733 (5th Cir. 1984)). The Court should apply these factors more liberally when reviewing an entry of default than when considering whether to vacate a default judgment. *Shepard*, 796 F.2d at 193-194.

As to the first factor, any delay caused by a defendant's failure to promptly answer will not alone demonstrate that plaintiff would be prejudiced in reopening the case. *United Coin Meter*, 705 F.2d at 845; *Berthelsen*, 907 F.2d at 620, *U.S. v. Real Property Commonly Known as 8771 Lake Road, County of Berrien, Berrien Center, Mich.*, 818 F. Supp 199, 202 (W.D. Mich. 1992). Rather, prejudice may be shown by a loss of evidence, increased difficulties in discovery, and the like. *United Coin Meter*, 705 F.2d at 845; *Berthelsen*, 907 F.2d at 620. The plaintiff has the burden of establishing prejudice if the default or default judgment is relieved. *Russell v. City of Farmington Hills*, 34 Fed.Appx. 196, 198 (6th Cir. 2002).

This Court has held that moving to set aside default three days after default judgment does not establish prejudice. *Hogan v. Cleveland Ave Rest., Inc.*, No. 15-CV-2883, 2016 WL 3194699, at *2 (S.D. Ohio June 9, 2016) (Marbley, J. presiding) ("Defendants moved to set aside the default three days after Plaintiff moved for default judgment...A three-day delay in litigation will not prejudice Plaintiff.") *See also CH Liquidation Ass'n Liquidation Tr. v. Genesis Healthcare Sys.*, No. 5:18 CV 752, 2019 WL 1004499, at *1 (N.D. Ohio Jan. 11, 2019) (no prejudice shown where pleading was only one month past due when he filed the motion to set aside default).

In this case, the Renovation Defendants are moving to set aside default less than two months after default was entered and before Plaintiff has moved for default judgment. This factor favors setting aside the Renovation Defendants' default.

The second factor is whether the default was caused by the defendant's culpable conduct. "Culpable conduct is that which "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the party-in-default's] conduct on those proceedings." *Shepard* 796 F.2d at 194. Confusion is sufficient to demonstrate lack of culpable conduct. *Helis Oil & Gas Co., L.L.C. v. Evangelinos*, No. 2:18-CV-01660, 2019 WL 3603290, at *2 (S.D. Ohio Aug. 6, 2019). In that case, before the court was the defendant's motion to set aside default judgment. The defendant asserted that she mistakenly believed that matter related to, and would be handled by, her attorney Eric Costine who was handling her husband's estate matters in probate court. *Id.* Despite Attorney Costine's interactions with the plaintiffs' counsel in his dealings with the estate matter, he did not receive a copy of the complaint in this action or any type of notification that his client had been sued. *Id.*

The Court in *Helis* "agree[d] with Defendant's representation that her failure to respond was not "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct

3

on those proceedings," but instead was due to her misunderstanding and confusion regarding the Complaint." *Id.* Thus, the defendant's conduct was not culpable and it satisfied that factor.

*Helis* is directly on point in this case. Renovation is also the subject of a lawsuit in the District of Nevada, (*Naiman v. Blue Raven Solar et al*, Case No. 2:19-cv-01643-JAD-EJY, filed July 8, 2020). Mr. Solomon believed he was being served with additional papers in that matter, as he had been communicating with James Moon, one of the attorneys for Renovation's client, Blue Raven about it. (Affidavit of Gabe Solomon ¶¶ 8-10) Because Mr. Solomon was under the full impression they were handling things in the *Naiman* matter, coupled with the fact he received the papers while loading an RV, he did not review those papers at the time. (Solomon Aff. ¶6-10.)

Once Mr. Solomon received papers in his P.O. Box regarding this matter from Blue Raven counsel, he took action to respond to the Complaint. (Solomon Aff. ¶¶ 11-13.) There was no "intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Helis*, 2019 WL 3603290, at *2.

Moreover, it "is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)." *Helman v. Pray*, No. 2:15-CV-398, 2015 WL 5737664, at *2 (S.D. Ohio Oct. 1, 2015) (citing *Shepard*, 796 F.2d at 194). Unlike the Renovation Defendants, the defendant in *Helman* failed to offer any explanation for how it misplaced the Complaint and Summons. *Id.*

The Court held that "it is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)." *Id.* (quoting *Shepard*, 796 F.2d at 194). The Court in *Helman* noted that the defendant's affidavit reflected that upon learning of the action, he immediately obtained an attorney and notified his agent. *Id.* Similarly, once Mr. Solomon

4

received papers from co-defense counsel in this case, he immediately obtained an attorney. (Solomon Aff. ¶¶ 11-12.)

The Renovation Defendants satisfy the second factor.

Regarding the third factor of a meritorious defense, "In determining whether a defaulted defendant has a meritorious defense, [l]ikelihood of success is not the measure * * * [r]ather, if any defense relied upon states a good defense at law, then a meritorious defense has been advanced." *INVST Financial Group, Inc.*, 815 F.2d at 398-399. All that defendant must show is "a 'hint of a suggestion' creating 'some possibility that the outcome of trial will be contrary to the result achieved by the default,'" *Smith v. Commissioner*, 926 F.2d 1470, 1482 (6th Cir. 1991).

The Renovation Defendants state they have a prior express written consent defense to the claims of Plaintiff and/or the putative class. A telephone solicitation for the purposes of the TCPA's DNC rules does not include a call "to any person with that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4); 64.1200(c)(2)(ii).

The Renovation Defendants also assert a "reasonable procedures" defense pursuant to 47 C.F.R. 64.1200(c)(2)(i). This is a viable defense to TCPA liability for calls on the DNC list if proven. *See Morris v Jnitedhealthcare Ins. Co.*, No. 415CV00638ALMCAN, 2016 WL 7115973, at *10 (E.D.Tex. Nov.9,2016), *report and recommendation adopted*, No. 4:15 CV-638, 2016 WL 7104091 (E.D. Tex. Dec. 6, 2016).

Moreover, Mr. Solomon denies that he is personally liable under the TCPA. *See Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936–CIV–SCOLA, 2013 WL 1283885 (S.D. Fla. Mar. 27, 2013). In *Mais*, the Court refused to find "a corporate officer individually liable where he attempted to implement policies that complied with the statute and did not have any direct participation in the allegedly violative conduct, even if the corporation is itself liable." 2013 WL

5

1283885, at *4.

The Renovation Defendants have meritorious defenses to Plaintiff's lawsuit. Therefore, all three factors favors setting aside default.

## Conclusion

For these reasons, Defendant submits that it is entitled to have the default entry set aside as it has satisfied each of the three factors established by the Sixth Circuit in *United Coin Meter*.

Accordingly, Defendant requests that this Court enter an order setting aside the Clerk's Default Entry of July 10, 2020. (doc. 11) Defendant also requests that the Court provide grant leave to file a response to the Complaint.

Date: September 8, 2020

Respectfully Submitted,

/s/ Howard E. Baumwell
Howard E. Baumwell
Attorney for Defendant
Attorney at Law
600 S. Pearl St.
Columbus OH 43206
Phone: 614-221-6088
Fax: 866-995-8098
Email: attorney@baumwell-law.com