### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| Kenneth Johansen, individually and on behalf of a class of all persons and entities similarly situated, : : : : : **Plaintiffs,** : : : **v.** : : : Blue Raven Solar, LLC and : Renovation Referral LLC and : Gabriel Alan Solomon : : **Defendants.** : | Case No. 20-CV-02930 Chief Judge Algenon L. Marbley Magistrate Judge Deavers |

## I.    INTRODUCTION

This matter is before the Court on Defendants' Renovation Referral LLC and Gabriel Alan Solomon ("Renovation Defendants") Motion to Set Aside the Entry of Default pursuant to Fed. R. Civ. P. 55(c). (ECF No. 22). For the reasons that follow, the Court **GRANTS** the Motion to Set Aside the Entry of Default.

## II.    BACKGROUND

This class action was filed on June 5, 2020 under the Telephone Consumer Protect Act ("TCPA"). 47 U.S.C. § 227. Named Plaintiff Kenneth Johansen alleges Defendant Blue Raven Solar, LLC commissioned telemarketing calls to Plaintiff and other putative class members without prior written consent. These calls were done for the alleged purpose of originating new energy leads. Plaintiff alleges that Gabriel Alan Solomon's company, Renovation Referral, made the telemarketing calls at issue.

On July 9, 2020, Plaintiff moved for default judgment against the Renovation Defendants. The clerk's office then docketed an entry of default against the Renovation Defendants. The Clerk granted this application on July 10, 2020. (ECF No. 11).

Plaintiff and Defendant Blue Raven Solar have no objections to Defendants Renovation Referral and Mr. Solomon's Motion to Set Aside Entry of Default.

### III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(c), a party may move to set aside an entry of default "for good cause." On such a motion, the Court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is set aside; (2) whether the defendant was willful in his default; and (3) whether the defendant has a meritorious defense. *Dessault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 845 (6th Cir. 1983)). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter*, 705 F.2d at 846 (internal citations omitted); *Dessault Systemes*, 663 F.3d at 841.

In this case, there is good cause to set aside the entry of default.

As to the first factor, whether setting the default aside would prejudice Plaintiff, the first thing to note is that Defendants were timely in filing a Motion. The Renovation Defendants are moving to set aside default less than two months after default was entered and before Plaintiff has moved for a default judgment. Because "[d]elay alone is not a sufficient basis for establishing prejudice," and there was no delay by Defendants here, Plaintiff will not be prejudiced. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). Furthermore, demonstrating prejudice involves showing that setting default aside "will result in the loss of evidence, create

increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Dassault Systemes*, 663 F.3d at 842 (quoting *INVST Fin. Grp.*, 815 F.2d at 398). Plaintiff does not allege, and nothing in the record indicates, that any of these occurrences will result if the default is set aside.

The second factor is whether the default was caused by the defendant's culpable conduct. The Sixth Circuit held that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986). Even a defendant's confusion over the proper procedural processes can satisfy this second factor. *Helis Oil & Gas Co., L.L.C. v. Evangelinos*, No. 2:18-CV-01660, 2019 WL 3603290, at *2 (S.D. Ohio Aug. 6, 2019). Here, Renovation is also the subject of a lawsuit in the District of Nevada. *Naiman v. Blue Raven Solar et al.*, Case No. 2:19-cv-01643-JAD-EJY, filed July 8, 2020). Mr. Solomon represents that he believed he was being served with additional papers in the Nevada matter, rather than the one before this Court. Once Mr. Solomon received papers from co-defense counsel in this matter, he obtained an attorney immediately. (ECF No. 22 at 6). There was no intent to thwart judicial proceedings. The second factor is satisfied.

With respect to the third factor, whether Defendants have a meritorious defense, the Court notes that a defense is meritorious if it is "good at law." *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). Thus, the test is not focused on whether the defense is likely to succeed on the merits, but rather whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)). Here, the Renovation Defendants assert two broad contentions: (1) a prior express written

3

consent defense and (2) a "reasonable procedures" defense. These are viable defenses to TCPA liability. Mr. Solomon also denies personal liability under the TCPA, which is recognized likewise as a meritorious defense. All three defenses are good at law. A defense does not need to be "supported by detailed factual allegations to be deemed meritorious." *$22,050 U.S. Currency*, 595 F.3d at 326. As such, Defendants have presented meritorious defenses.

Defendants' behavior cannot be characterized as willful or in bad faith.

## IV.   CONCLUSION

For the foregoing reasons, the Court **VACATES** the Clerk's entry of default.

**IT IS SO ORDERED.**

*/s/ Algenon L. Marbley*
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  October 26, 2020**